UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

              Plaintiff,

   v.

PATRICK OISHI, *et al.*,

              Defendants.

CASE NO. 3:25-cv-05222-LK-GJL

ORDER TO SHOW CAUSE

     This 42 U.S.C § 1983 action has been referred to United States Magistrate Judge Grady J. Leupold. Plaintiff Richard Scott, a civil detainee housed at the Special Commitment Center proceeding in this action *pro se*, filed a civil rights Complaint seeking damages from Defendants Patrick Oishi and Amanda Smitley in their individual capacities. Dkt. 1. The sole claim asserted in Plaintiff's sparse Complaint challenges judicial and prosecutorial conduct covered by absolute immunity doctrines. *Id.* As such, Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be **DISMISSED** for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

//

ORDER TO SHOW CAUSE - 1

## I.  SCREENING STANDARD

Plaintiff has a long history of abusive litigation tactics and is the subject of case management orders in the Western District of Washington. Such orders do not apply in this case because Plaintiff has paid the full filing fee. *See docket.* However, the fact that Plaintiff has paid the filing fee does not preclude this Court from screening Plaintiff's Complaint to determine if this action should be permitted to proceed. The Ninth Circuit has explained that "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (citation omitted) (abrogated on other grounds by *Smith v. Spizzirri*, 601 U.S. 472, 475 (2024)); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss a deficient complaint); *see also Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction, and may be dismissed *sua sponte* before service of process.") (internal citation omitted) (abrogated on other grounds by *Neitzke v. Williams*, 490 U.S. 319, 320 (1989)).

To state a viable claim for relief under 42 U.S.C. § 1983, Plaintiff must show he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations and must set forth specific, plausible facts to support a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

//

//

## II.    DISCUSSION

Upon review, the Court concludes Plaintiff has failed to state a viable claim for relief against Defendants Oishi and Smitley because both Defendants are absolutely immune from damages claims under § 1983.

Section 1983 claims for monetary damages against judges and prosecutors are barred by absolute immunity doctrines. *See Mireles v. Waco*, 502 U.S. 9, 9–12 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutorial immunity). "Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts…. A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted). Judges retain absolute immunity even when accused of acting maliciously or corruptly, *see Mireles*, 502 U.S. at 11, or when accused of acting in error, *see Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

Prosecutors are immune from damages claims "when performing the traditional functions of an advocate." *Calhoun v. King Cty. Prosecuting Attorney's Office*, 348 F. App'x 299, 300 (9th Cir. 2009) (quotations omitted). Stated differently, absolute immunity protects prosecutors from monetary liability for acts done within the scope of their duty to prosecute cases on behalf of the government. *See Imbler*, 424 U.S. at 431. "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Asheleman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting *Imbler*, 424 U.S. at 427).

Here, Plaintiff alleges that Defendant Oishi is a Washington State superior court judge assigned to an ongoing state-court proceeding regarding Plaintiff's civil commitment; he further alleges Defendant Smitley is the prosecutor representing the State's interests in that case. Dkt. 1

at 2–3. Plaintiff asserts a violation of his right to access courts stemming from a case management order issued by Defendant Oishi and from prosecutorial decisions made by Defendant Smitley concerning depositions. *Id.* Plaintiff requests damages in the amount of "$15,000 a month for every month until [his] court access rights are restored in full." *Id.* Because Plaintiff's damages claim concerns the performance of traditional judicial and prosecutorial functions, it is barred by absolute immunity doctrines. As such, Plaintiff has failed to state a viable claim for relief.

### III.     CONCLUSION

Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). If Plaintiff fails to respond to this Order on or before **April 28, 2025**, the undersigned will recommend **DISMISSAL** of this action.

Dated this 28th day of March, 2025.

Grady J. Leupold
United States Magistrate Judge