UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

                Plaintiff,

v.

PATRICK OISHI, *et al.*,

                Defendants.

CASE NO. 3:25-cv-05222-LK-GJL

SECOND ORDER TO SHOW CAUSE

This 42 U.S.C § 1983 action has been referred to United States Magistrate Judge Grady J. Leupold. Plaintiff Richard Scott, a civil detainee housed at the Special Commitment Center ("SCC") proceeding *pro se*, paid the filing fee and submitted a civil rights Complaint on March 14, 2025. Dkt. 1. After screening the Complaint, the Court **ORDERED** Plaintiff to **SHOW CAUSE** why this action should not be dismissed for failure to state a claim against Defendants Scott Oishi and Amanda Smitley. Dkt. 4. In response, Plaintiff filed an Amended Complaint reasserting his claims against Defendants Oishi and Smitley and, for the first time, asserting claims against SCC staff members Franklin and Gavin Van Ausdeln. Dkt. 7.[1]

---

[1] Plaintiff submitted two versions of his Amended Complaint. Dkt. 5, 7. Because both versions were submitted so closely in time and Plaintiff indicates the second version also serves as a response to the Show Cause Order, the

SECOND ORDER TO SHOW CAUSE - 1

Upon review, the Court finds Plaintiff has failed to state a claim against Defendants Franklin and Van Ausdeln; he is therefore **ORDERED** to **SHOW CAUSE** not later than **May 27, 2025,** why his newly added claims against these Defendants should not be **DISMISSED** for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. SCREENING STANDARD

Plaintiff has a long history of abusive litigation tactics and is the subject of case management orders in the Western District of Washington. Such orders do not apply in this case because Plaintiff has paid the full filing fee. *See docket.* However, the fact that Plaintiff has paid the filing fee does not preclude this Court from screening Plaintiff's Complaint to determine if this action should be permitted to proceed. The Ninth Circuit has explained that "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (citation omitted) (abrogated on other grounds by *Smith v. Spizzirri*, 601 U.S. 472, 475 (2024)); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss a deficient complaint); *see also Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction, and may be dismissed *sua sponte* before service of process.") (internal citation omitted) (abrogated on other grounds by *Neitzke v. Williams*, 490 U.S. 319, 320 (1989)).

To state a viable claim for relief under 42 U.S.C. § 1983, Plaintiff must show he suffered a violation of rights protected by the Constitution or created by federal statute, and that the

---

Court considers only the later-filed Amended Complaint. Dkt. 7; *see* Dkt. 6 (stating the later-filed Amended Complaint is filed in response to the Court's Show Cause Order).

SECOND ORDER TO SHOW CAUSE - 2

violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations and must set forth specific, plausible facts to support a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

## II. DISCUSSION

Upon review, the Court concludes Plaintiff has failed to state a viable claim for relief against Defendants Franklin and Van Ausdeln. To begin, Plaintiff does not clearly identify the constitutional violation on which he bases his claims against Defendants Franklin and Van Ausdeln. *See* Dkt. 7. Because Plaintiff makes several references to "court access" and seeks monetary relief until his "court access rights" are restored, the Court assumes Plaintiff is attempting to bring a substantive due process claim regarding denial of court access against these Defendants.

Prisoners have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The right of access to the courts applies to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *Lewis v. Casey*, 518 U.S. 343 at 353 n. 3, 354–55 (1996). Even where the right applies, however, it is limited to a prisoner's ability to *access* courts and does not guarantee the ability to discover legal claims or effectively litigate one's claims in court. *See Lewis*, 518 U.S. at 354–55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action.").

In addition, a plaintiff must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *See Lewis*, 518 U.S at 349. To satisfy the actual injury

SECOND ORDER TO SHOW CAUSE - 3

requirement, plaintiffs must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Plaintiff's allegations against Defendants Franklin and Van Ausdeln do not satisfy the actual injury element of an access to courts claim or otherwise demonstrate a violation of his fundamental right to access courts. Plaintiff does not plausibly allege that an action taken by these Defendants prevented him from presenting any nonfrivolous legal claims or complying with filing deadlines in any ongoing proceedings covered by the right of access.

Instead, Plaintiff's allegations against Defendants Van Ausdeln and Franklin begin and end with his complaints about delays in screening his legal materials, his inability to access those materials on a computer, and the cost of printing such materials. *Id.* at 2–5. While these conditions may have interfered with or delayed Plaintiff's litigation activities, his allegations of interference without injury are insufficient to show a violation of the right to access courts proximately caused by either Defendant. *See Johannes v. Cnty. of Los Angeles*, No. CV 02-03197-SVW VBK, 2011 WL 6149253, at *8 (C.D. Cal. Apr. 8, 2011), *report and recommendation adopted*, 2011 WL 6149244 (C.D. Cal. Dec. 5, 2011), *aff'd*, 563 F. App'x 567 (9th Cir. 2014) (allegations of limited law library access without injury did not demonstrate violation of SVP detainee's right to access courts); *see also See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

SECOND ORDER TO SHOW CAUSE - 4

Thus, viewing the Amended Complaint in the light most favorable to Plaintiff, the undersigned concludes he has failed state a claim upon which relief may be granted against Defendants Franklin and Van Ausdeln.

### III. CONCLUSION

Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE** why his newly asserted claims against Defendants Franklin and Gavin Van Ausdeln should not be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). As Plaintiff has already amended his pleadings once as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, he **MAY NOT** respond to this order by amending his pleadings for a second time. If Plaintiff fails to respond to this Order on or before **May 27, 2025**, the undersigned will recommend **DISMISSAL** of this action.

Dated this 24th day of April, 2025.

Grady J. Leupold
United States Magistrate Judge